IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 19 2009 ★

BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JULIO VALLEJO,

**MEMORANDUM & ORDER**

**09-cv-1748 (NGG) (JMA)**

Plaintiff,

-against-

WMC MORTGAGE CORP., FIRST
CONTINENTAL MORTGAGE AND
INVESTMENT CORP., and GRP LOAN, LLC,

Defendants.

-----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Julio Vallejo ("Plaintiff" or "Vallejo") seeks preliminary injunctive relief preventing Defendants, a series of mortgage companies, from taking steps to evict him. Vallejo alleges that the Defendant mortgage companies committed "mortgage fraud" by willfully overvaluing his residential property in providing him several mortgages on this property. (See Docket Entry #1, Compl. ¶¶ 9, 10.) When Plaintiff defaulted, a foreclosure action was commenced in New York Supreme Court in Queens. A Judgment of Foreclosure and Sale was entered. (Compl., Ex. E.) On April 24, 2009, a "Notice of Eviction" was issued by the City Marshal. (Compl., Ex. G.) The Notice gave Plaintiff six (6) business days before being subject to eviction from the premises. That Notice of Eviction provided that "The ONLY way you can stop this eviction is if a Court issues an order to show cause that stays your eviction. You may apply for such an order at the Civil Court, Landlord – Tenant part, in your borough." (Id.)

The court denied Plaintiff's motion for a temporary restraining order on April 29, 2009, but issued an Order to Show Cause returnable on May 15, 2009. (See Minute Entry, Apr. 29,

1

2009.) Defendants opposed Plaintiff's request for preliminary injunctive relief and appeared before the court on May 15 as ordered. Plaintiff failed to appear.

Plaintiff's outstanding motion for a preliminary injunction is denied. Preliminary injunctive relief requires a showing of irreparable harm in the absence of the injunction, likelihood of success on the merits or a sufficiently serious question on the merits, and a balance of hardships in favor of the moving party. See County of Nassau v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008). Plaintiff has not demonstrated the existence of federal jurisdiction in this case, nor has he shown a likelihood of success on the merits.

It appears that Plaintiff has failed to state a claim under any federal statute. Plaintiff invokes 42 U.S.C. § 1983 for a due process violation under color of state law, but Defendants are private actors, and there is no allegation raising an inference that they acted under color of state law. See Goddard v. Citibank, NA, No. 04-cv-5317 (NGG)(LB), 2006 WL 842925, at *6 (E.D.N.Y. Mar 27, 2006) ("[T]hese allegations do not constitute a § 1983 action, because there is no reasonable inference that would allow this court to conclude that these defendants in their alleged activities acted under color of law."). Plaintiff alleges a violation of 42 U.S.C. § 1982, which "prohibits discrimination in transactions relating to real property," but nothing in his Complaint suggests discrimination. Ward v. Harte, 794 F. Supp. 109, 116 (S.D.N.Y. 1992). Finally, Plaintiff cites a federal criminal mortgage fraud statute, 18 U.S.C. § 1014. This statute provides no private right of action. See, e.g., Park Nat. Bank of Chicago v. Michael Oil Co., 702 F. Supp. 703, 704 (N.D. Ill. 1989); see also Goldstein v. CTT Mobile Management Services, Inc., No. 84-cv-0824(JFK), 1985 WL 321, at *10 (S.D.N.Y. Feb. 26, 1985). At this time, Plaintiff has failed to demonstrate a sufficiently serious question on the merits to warrant a preliminary injunction. Plaintiff remains free to pursue a remedy in state court, as instructed by

the Notice of Eviction. Defendants have requested an opportunity to move to dismiss the Complaint, and these matters may be addressed more thoroughly upon Defendants' timely motion.

At the May 15 appearance on the Order to Show Cause, Defendants informed the court that they have not yet been served. The Complaint was filed with the court on April 29, 2009. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff is hereby notified that his Complaint will be dismissed if he fails to accomplish service in accordance with Rule 4(m). Should Plaintiff proceed with this action and properly serve Defendants, Defendants may submit a letter to the court setting forth a proposed motion schedule for their anticipated motion to dismiss.


SO ORDERED.

_s/ NGG_____
Dated: Brooklyn, New York                    NICHOLAS G. GARAUFIS
May 15, 2009                                 United States District Judge